UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JOEL EBEL,**

    **Plaintiff,**

v.                                                   Case No.  8:12-cv-2786-T-30TBM

**NATIONAL UNION FIRE INSURANCE
CO. OF PITTSBURGH PENNSYLVANIA;
ONE BEACON AMERICA INSURANCE
COMPANY,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant One Beacon America Insurance Company's Motion to Dismiss or for Stay of Action (Dkt. 5) and Plaintiff Joel Ebel's Response in Opposition (Dkt. 6).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted as set forth herein.

## DISCUSSION

Plaintiff Joel Ebel's claim against Defendant One Beacon America Insurance Company ("One Beacon") in this action is asserted in Count III of his amended complaint, in which he alleges a breach of contract claim against One Beacon for One Beacon's alleged

failure to pay Plaintiff for medical expenses under the parties' insurance policy.[1] The subject insurance policy contains an arbitration provision that states, in pertinent part: "Any contest to a claim denial under this Policy shall be settled by arbitration administered by the American Arbitration Association . . .".  One Beacon now moves to dismiss, or stay, this action pending submission of Plaintiff's claim to arbitration.

It is well established that Federal law strongly favors the arbitration of disputes and requires that federal courts rigorously enforce arbitration agreements. *See Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 221 (1985); *United States Fid. & Guar. Co. v. West Point Constr. Co., Inc.,* 837 F.2d 1507, 1508 (11th Cir. 1988) (noting "the strong policy favoring arbitration expressed by Congress in the Federal Arbitration Act"). Consistent with this policy, courts must construe arbitration clauses "generously, resolving all doubts in favor of arbitration." *Seaboard Coast Line R.R. Co. v. Trailer Train Co.,* 690 F.2d 1343, 1348 (11th Cir. 1982). To the extent there may be any ambiguities with respect to the scope of an arbitration provision, such ambiguities should be resolved in favor of arbitration. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24-25 (1983); *Paladino v. Avnet Computers Techs.,* 134 F.3d 1054, 1057 (11th Cir. 1998) (because the FAA creates a presumption in favor of arbitration "parties must clearly express their intent to exclude categories of claims from their arbitration agreement"); *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 945 (1995) (issues will be deemed arbitrable unless it is clear that the

---

[1] Counts I and II of Plaintiff's amended complaint are against Defendant National Union Fire Insurance Company of Pittsburgh Pennsylvania ("National Union"). National Union has not entered an appearance in this case as of the date of this Order.

arbitration clause has not included them). In short, arbitration cannot be denied unless no interpretation of the arbitration clause covers the asserted dispute. *See United Steelworkers of Am. v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 582-83 (1960).

Plaintiff's response argues that his breach of contract claim does not fall within the arbitration language because One Beacon's failure to make additional payments for all of his medical expenses is not tantamount to a "claim denial". Plaintiff contends that the subject insurance policy's language taken as a whole demonstrates that "claim denial" occurs only when One Beacon denies the notice of claim, not the proof of loss associated with Plaintiff's medical expenses. And that any ambiguity in the policy should be interpreted liberally in favor of Plaintiff's interpretation of the policy. Finally, Plaintiff states that even if a denial of a proof of loss amounted to a "claim denial", One Beacon has not denied anything; rather, One Beacon has ignored or delayed payment of additional medical expenses.

Plaintiff's response ignores strong federal policy on arbitration, as discussed above, which requires a district court to generously resolve any ambiguities with respect to the scope of an arbitration provision in favor of arbitration. Upon the Court's review of the subject insurance policy and the particular arbitration language, "claim denial" could be interpreted as including the insurer's failure or refusal to make any additional payments for medical expenses. Accordingly, Plaintiff's breach of contract claim against One Beacon must be submitted to arbitration as set forth in the subject insurance policy.

It is therefore ORDERED AND ADJUDGED that:

1.	One Beacon America Insurance Company's Motion to Dismiss or for Stay of Action (Dkt. 5) is granted to the extent that the parties are compelled to submit Count III of Plaintiff's amended complaint to arbitration and Count III is stayed during the pendency of the arbitration.

2.	Upon conclusion of the arbitration, the parties shall file a joint notice with the Court informing the Court of the outcome and whether the stay should be lifted as to Count III of Plaintiff's amended complaint.

**DONE** and **ORDERED** in Tampa, Florida on January 18, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2012\12-cv-2786.mtarbitrate5.frm